UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD CENE,<br>Petitioner,<br>v.<br>WARDEN/FACILITY ADMINISTRATOR, IMPERIAL REGIONAL DETENTION FACILITY, et al.,<br>Respondents. | Case No.: 3:26-cv-06312-RBM-JLB<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>**[Docs. 1, 2]** |

On November 5, 2026, Petitioner Reginald Cene ("Petitioner"), an immigration detainee proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1) and a Motion for Temporary Restraining Order ("TRO Motion) (Doc. 2). For the reasons below, the Court **GRANTS** the Petition and **DENIES as moot** the TRO Motion.

## I. BACKGROUND

Petitioner, a citizen of Haiti, "was paroled into the United States on June 6, 2024, at Fort Lauderdale International Airport." (Doc. 5 at 2.) Respondents concede that this constituted a "release[] from immigration custody on parole issued under 8 U.S.C. § 1182(d)(5)." (*Id.*) After being released on parole, Petitioner resided continuously in

Florida, living with his United States citizen wife, working with employment authorization as a clerk, and filing Forms I-130, I-485, and I-765 with United States Citizenship and Immigration Services. (Doc. 1 at 4–5.) On October 16, 2026, "Petitioner was arrested by ICE agents while he was driving after leaving a restaurant." (*Id.* at 5.) Petitioner was subsequently transferred to Imperial Regional Detention Facility, where he remains today. (*Id.* at 6.)

Petitioner filed his Petition on November 5, 2026. (Doc. 1.) The Court set a briefing schedule on the Petition the next day. (Doc. 3.) Respondents filed their Response on November 13, 2026. (Doc. 5.) Petitioner was authorized to file a reply on or before November 27, 2026, but "[t]he Court finds habeas relief warranted and, accordingly, finds it unnecessary to wait for the reply." *Blanco v. Hermosillo*, Case No. C26-493-MLP, 2026 WL 548056, at *1 n.1 (W.D. Wash. Feb. 27, 2026).

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his detention violates 8 U.S.C. § 1226(a) and the Fifth Amendment's Due Process Clause. (Doc. 1 at 10–13.) Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) because *Rodriguez Vasquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2016), does not apply here, but ultimately "do[] not oppose the petition . . . and defer[] to the Court on the appropriate relief." (Doc. 5 at 2–4.)

In light of Respondents' non-opposition, and considering the Court's many Orders granting petitions like the one currently before it,[1] the Court **GRANTS** the Petition.

The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV. CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the terms of his preexisting parole.
2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted. At any such hearing, the noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that he is not a flight risk or a danger to the community. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).
3. At any such hearing, if the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the

[1] *See Mompremier v. LaRose*, Case No.: 3:26-cv-05354-RBM-GC, ECF No. 6, at *2 n.1 (S.D. Cal. Sept. 11, 2026) (collecting cases).

noncitizen's ability to pay. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

4. The TRO Motion (Doc. 2) is **DENIED as moot**.

**IT IS SO ORDERED.**

DATE: November 16, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE